UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**WILSSON MEDINA TERAN,**

    **Petitioner,**

v.                                                 Case No. 26-CV-231

**KRISTI NOEM,** *et al.*,

    **Respondents.**

---

### RULE 4 ORDER

---

    Wilsson Medina Teran, who is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Dodge County Detention Facility in Juneau, Wisconsin, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Habeas Petition, Docket # 1.) Medina Teran has paid the $5 statutory filing fee. (*Id.*) Under Rule 4 of the Rules Governing § 2254 Cases, applicable to § 2241 petitions, *see* Rule 1(b) and Civil Local Rule 9(a)(2), the Court must review and screen the petition. During the screening process, I must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases.

    Medina Teran is a Venezuelan national who has been present in the United States since October 2024. (Hab. Pet. ¶ 1.) He has no criminal history and a pending application for asylum, which he filed shortly after his entry. (*Id.* ¶¶ 2, 4.) Medina Teran was taken into custody on January 15, 2026, while attending a check-in appointment at the Chicago ICE Office. (*Id.* ¶ 6.) Medina Teran asserts that his continued detention is an unlawful violation of

due process and an incorrect interpretation of immigration law. (*Id.* ¶ 5.) He requests the Court issue a temporary restraining order directing Medina Teran's release and enjoining his continued detention; alternatively, he requests a temporary restraining order directing Respondents to conduct a full and fair bond hearing to ensure his due process rights, placing the burden on the government to show why he is not eligible for bond. (*Id.* ¶ 8.)

The Supreme Court has recognized § 2241 petitions as a forum for statutory and constitutional challenges to detention orders in immigration proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Medina Teran alleges his detention violates the Immigration and Nationality Act and the Fifth Amendment as he is being unlawfully detained. Medina Teran requests immediate release or to be granted an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). Based on his petition, I cannot conclude that Medina Teran is plainly not entitled to relief. Under § 2243:

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed. The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

28 U.S.C. § 2243.

Accordingly, Respondents are ordered to respond to the petition by **February 27, 2026**.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the Clerk of Court shall promptly serve a copy of the petition and this Order upon Scott Smith, Jail Administrator, Dodge County Jail, pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that the Clerk of Court shall promptly serve a copy of the petition and this Order upon Sam Olson, Field Office Director, Chicago Field Office, Immigration and Customs Enforcement, and the United States Attorney for the Eastern District of Wisconsin pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS ALSO ORDERED** that Respondents shall respond to the petition no later than **February 27, 2026**. Petitioner may file a reply no later than five (5) days of receiving Respondents' response.

Dated at Milwaukee, Wisconsin this 17th day of February, 2026.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge